## Minnie Mangler, Appellant, v. Maryland Casualty Company, Appellee.

### Gen. No. 22,339.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS TAYLOR, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916. Petition for *certiorari* dismissed.

### Statement of the Case.

Action by Minnie Mangler, plaintiff, against the Maryland Casualty Company, defendant, in the Circuit Court of Cook county, to recover on a policy of accident insurance. From an order dismissing the action, plaintiff appeals.

While an action brought by plaintiff on an accident policy issued to her husband was pending, she accepted $650 in settlement, and signed a release and stipulation that the action be dismissed without cost to either party, reciting that all matters in dispute had been settled. A motion was made to dismiss in accordance with the stipulation, which was allowed after the court had heard evidence in regard to plaintiff's claim that the release was procured by fraud. It appeared that defendant contested its liability, claiming that deceased did not die from accident. Plaintiff visited the office of defendant's attorney to secure a settlement, where the amount received was offered in settlement of this action and of another claim. She was accompanied by an attorney, not of counsel in the action. The release and stipulation were submitted to and approved by the attorney who accompanied plaintiff, who testified that plaintiff read them and that he explained them, remarking, ''You have to sign them to get the money,'' and that after a short hesitation plaintiff signed.

GEORGE J. KUEBLER and ALBERT H. FRY, for appellant.

CLELAND, LEE & PHELPS, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. STIPULATIONS—*when validity of stipulation question for court.* The rule that, where a release is offered in defense it is the province of the jury and not of the court to determine whether there has been fraud in obtaining the release, does not apply to a case where, with the release, a stipulation was made to dismiss a pending action without cost to either party, in which case, on a motion to dismiss in accordance with the stipulation, the determination by the court of the question whether the person signing the stipulation knew and understood what she was signing is not erroneous.

2. STIPULATIONS—*when evidence sustains finding that stipulation not obtained by fraud.* On a motion to dismiss in accordance with a stipulation, where plaintiff alleged that the stipulation was obtained by fraud, evidence examined and a finding by the court that the stipulation was not obtained by fraud, *held* sustained by the evidence.

3. FRAUD, § 49*—*when court of law can not determine.* A court of law cannot determine the question whether a release is procured by fraudulent representations of facts outside the instrument, such questions being cognizable only in chancery.

4. ACCORD AND SATISFACTION, § 4*—*when acceptance of sum less than claimed amounts to satisfaction.* Where liability on an unliquidated claim is contested, payments to secure the withdrawal of a suit do not come within the rule that a settlement for a less sum than a fixed amount due is without consideration and void.

5. STIPULATIONS, § 19*—*when dismissal in accordance with stipulation proper.* On a motion to dismiss in accordance with a stipulation, where plaintiff claimed that the stipulation was obtained by fraud, but where the evidence failed to sustain the claim, an order allowing the motion and dismissing the action *held* proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.